YOW *et al. v.* SULLIVAN *et al.,* and *vice versa.*

1. The order of the county authorities of Franklin county, of July 4, 1906, providing for a tax levy for the expenses of the county for 1905, properly construed, is not a new and independent tax levy during the year 1906, but is an amendment to the tax levy of September 9, 1905, making the same conform to the law as laid down in the decision when this controversy was before this court on a former occasion.

2. A new county was created by an act approved August 18, 1905, and was organized on December 6, 1905. The authorities of the county from which a portion of the territory of the new county was taken, on September 9, 1905, made a tax levy which embraced amounts necessary to pay for the erection of new bridges, contracts for which were entered into after the date of the act creating the new county. *Held,* that the property owners in the new county are not liable for that portion of the tax levy necessary for the purpose of erecting such bridges.

3. No sufficient reason has been shown for reversing the judgment.

Argued June 18,—Decided August 8, 1907.

Petition for injunction. Before Judge Brand. Franklin superior court. March 21, 1907.

Yow and others, including the Southern Railway Company, filed a petition against the tax-collector and the sheriff of Franklin county, alleging, that all of the plaintiffs, except the railway company, were residents in that portion of Stephens county which was formerly Franklin county, and the company is a foreign corporation with a line of railway running through those two counties, nine miles of its line being in that portion of Stephens county above referred to; that on August 18, 1905, an act was passed creating the County of Stephens, and the county was organized on the —— day of December, 1905; that notwithstanding the creation of the new county, the ordinary of Franklin county, on September 9, 1905, undertook to levy a tax upon the property of the plaintiffs, who filed a petition to enjoin the collection of the tax, and an order was passed granting the injunction, which ruling was affirmed by the Supreme Court. On July 4, 1906, the ordinary of Franklin county, with the advice of the county commissioners, undertook to levy a tax for the year 1905, such levy being in the following words:

"Georgia, Franklin County, July 4, 1906. Whereas the ordinary of Franklin county, on the 9th of Sept. 1905, did pass an order assessing county taxes on all property and every species of value or specifics which is taxed by the State and which was

subject to taxation for the year 1905, and whereas an equitable petition was filed in the superior court of Franklin county on the 20th day of December, 1905, by T. R. Yow et al., praying for an injunction against R. F. Sullivan, tax-collector of Franklin county, and on the 30th of December, 1905, his honor R. B. Russell, judge of the superior court of Franklin county, granted an injunction, and enjoined said tax-collector from collecting taxes due the County of Franklin by petitioners, and said decision having been affirmed by the Supreme Court of Georgia, declaring the order of the ordinary of Franklin county, levying said taxes for said county, to be void, because the order failed to specify the percentage levied for each specific purpose enumerated therein: Therefore the ordinary of said county, in pursuance of the laws of this State, which requires the ordinary of Franklin county, with the advice of the county commissioners of roads and revenues of said county, to levy a percentage tax on all taxable property, sufficient to meet the requirements thereof for county taxes for the year 1905; and it is ordered by the ordinary of Franklin county, 'that there be and hereby is levied a tax of $15.10 on each thousand dollars of taxable property for the year 1905, returned by each taxpayer and upon the tax digest of said County of Franklin for 1905,' which is subject to taxation ad valorem and which tax is levied for the following purposes, to wit: $1.10-1/3 on each hundred dollars, to build and repair court-houses and jails, bridges and ferries, and other public improvements according to contract. Ten and 5/8¢ on each hundred dollars, to pay sheriff's, jailers, and other officers' fees that may be legally entitled to out of the county. Eighty-four one hundreths of one cent on each hundred dollars, to pay coroners all fees that may be due them by the county for holding inquest. Two and one-eighth cents on each hundred dollars, to pay expenses of the county for bailiffs at court, non-resident witnesses in criminal cases, fuel, servant hire, stationery, and the like. Eight cents and four and one half mills on each hundred dollars, to pay jurors a per diem compensation. Eight cents and four and one half mills on each hundred dollars, to pay expenses incurred in supporting the poor of the county, as prescribed by the code. Eight cents and four and one half mills on each hundred dollars, to pay expenses of working the roads under the alternative road law. Two and one third cents on each hun-

dred dollars, to pay any other lawful charge against the county. It is also further ordered that the tax-collector of Franklin county collect said taxes as provided by law, and pay the same to the county treasurer of Franklin county." Signed by the county commissioners and by the ordinary.

Pursuant to this levy the tax-collector has issued executions against all of the plaintiffs except the railway company, and will, unless restrained, proceed to collect the same. The comptroller-general has issued execution against the railway company, based on such levy, which has been levied by the sheriff. By an act passed in 1906, the county affairs of Franklin county were taken out of the hands of the ordinary and commissioners, as the board existed on July 4, 1906, and were vested in a new board of commissioners; this act taking effect October 1, 1906. It is alleged, that the tax levy of July 4, 1906, is illegal, for the reason that it violates that provision of the constitution which requires that all taxes shall be levied and collected under a general law, and no authority has been given to collect any tax under such a levy from a resident of Franklin county as it now exists; that the levy can not be the basis for an execution against the railway company, for the reason that the levy is, by its terms, limited to property "upon the tax digest" of the county for 1905; that it is void for the reason that it purports to levy a tax of 15.10 on the thousand, while the aggregate of the different percentages is $15.16 on the thousand, and the first item does not specify what per cent. is to be used to build and repair court-houses, jails, bridges, ferries, and other public improvements, and there was no contract outstanding to build or repair court-houses, jails, bridges, etc., at the time that the original levy was made in 1905, nor at the time of the levy of July 4, 1906. The county authorities had determined to build a new court-house, but thereafter a bond election was held for the purpose of raising money for this purpose, and the people assented to the issuance of the bonds. The plaintiffs are owners of property now embraced in Stephens county, and are not liable for the tax to erect a court-house or other public improvements in Franklin county; the tax, as originally levied, and the contract for the court-house being made after the passage of the act creating the County of Stephens. The prayer is that the tax-collector and sheriff be enjoined from proceeding to collect the executions. The

defendant answered, that the tax was levied to raise necessary funds to meet the expenses of the county, and that at the time the first levy was made there was a contract outstanding to build a bridge at a cost of $2,500; but it was not alleged that the contract was outstanding at the time Stephens county was created. The answer avers, that the county authorities are not proceeding to collect any taxes on the second levy from those taxpayers who paid their taxes under the first levy, and there is no taxpayer in the county who is not required to pay the tax for the year, and there is no attempt to exempt any individual from his taxes; that it was the duty of the county authorities to meet all the necessary expenses during the year beginning September 1, 1905; that the bridges in the county had been neglected several years, were nearly all out of repair, and many of them were in such condition as to require the building of new bridges, and the levy was made for that purpose, which is alleged to be a part of the current expenses of the county; that the court-house was in need of repair, as well as the jail, and the levy was intended to embrace these expenses; that there had been built, under contract made before the tax levy, four large new bridges, and a number of smaller and less expensive bridges, at a cost of more than ten thousand dollars, and the repairs on the bridges and jails have cost more than thirteen hundred dollars, and it is necessary to rebuild the bridges; that contracts for other bridges were made before the tax was levied, and the whole amount is necessary for this purpose; and that the County of Franklin has to maintain not less than fifty bridges over rivers and creeks. It is contended that the levy, in its entirety, is merely for the purpose of meeting the ordinary current expenses of the county for the year 1905.

At the hearing the only evidence introduced in behalf of the plaintiffs was an affidavit showing that the County of Stephens was organized on December 6, 1905; and the only evidence on behalf of the defendants was the affidavit of two persons in reference to the bridges of Franklin county, their condition, and the cost of repairing and rebuilding them. The judge ordered an injunction against the collection of the tax provided for in the first item of the levy, for the purpose of building and repairing court-houses, etc.; and directed that the county authorities ascertain what amount of that levy embraced the building of new bridges,

and eliminate the same therefrom, and, when this is done, that the executions proceed for the collection of so much of that item as is necessary for the repairing of court-house, jail, etc. The order recites that it is necessarily to be inferred, from the allegations of the petition and the answer, that Stephens county was created before any of the indebtedness for new bridges was incurred, except as to the bridge over North Broad river, and that it was admitted, at the hearing, that the contract to build this bridge was made after the creation of Stephens county. The injunction was refused upon all the grounds other than that stated. The plaintiffs excepted, because the court erred in not granting the injunction generally and restraining the entire tax levy; and the defendants except because the court erred in enjoining the tax levy so far as it related to the erection of new bridges.

*John J. Strickland, Fermor Barrett,* and *J. B. Jones,* for plaintiffs. *James H. Skelton* and *W. R. Little,* for defendants.

Cobb, P. J. (After stating the facts.)

1. The original tax levy of September 9, 1905, was before this court in the case of *Sullivan* v. *Yow,* 125 *Ga.* 326. It was then held that the collection of the tax under such levy was properly enjoined, for the reason that the order levying the tax did not comply with the provisions of the law requiring that the levy should specify the per cent. levied for each specific purpose. It was said: "The order of the ordinary levying the tax not conforming to the plain requirements of the law, all proceedings under the tax levy in its present shape were properly enjoined. . . All proceedings under the tax levy were properly restrained until the county authorities make the levy conform to the requirements of the law. In the light of what has been said, the county authorities may readily make the levy comply with the requirements of the law, as to the statement of the percentage of each item," etc. This court did not, in terms, direct that the tax levy should be amended, but the language in the opinion clearly indicates that this could be done. The order was held unenforceable in its then shape, but there was no ruling to the effect that the order was void in the sense that it could not be amended or completed by supplying the omissions which rendered it unenforceable in its then condition. After the decision in that case the county authorities passed an order which is set forth in the statement of facts.

It is contended that this order is, in effect, a new levy, and that, being made in 1906, it is a nullity, and no taxes can be collected thereunder. The argument is that county taxes must be levied each year; and that if no levy is made during a year, the county authorities have no power, in a subsequent year, to make a levy, as such action is retroactive in its nature. It would certainly be a great hiatus in the law if this were true. County authorities might negligently, or wilfully, fail or refuse to make a levy before the end of the year, and, if the contention of counsel is correct, persons having claims or demands against the county would be without a remedy. We will not undertake to determine this question under the present record; for when the order of July 4, 1906, is properly construed, we think it is merely an amendment of the levy of September 9, 1905, made in conformity with the suggestions which were thrown out when the controversy was before this court on the former occasion. The order recites the former case, and the decision of this court, and then proceeds to make a levy in exact conformity with the ruling of the court in reference to the various items therein contained. It is true it does not use the word "amend," or any similar expression; but when the order is construed in its entirety, no other reasonable conclusion can be reached than that the county authorities were attempting to carry into effect, in reference to the levy of September 9, 1905, the law as laid down in the decision of this court.

2. The judge held that the property owners of that portion of Stephens county which was originally Franklin county were liable for the usual, ordinary, and current expenses of the county, as embraced in the tax levy made after the county was created but during the year of its creation. He also held, that the cost of erection of new bridges was not an usual, ordinary, and current expense of a county, and that the property owners in the new county were not liable to be taxed for the same unless there were outstanding contracts at the time that the new county was created; that the property owners in the new county could be justly charged with their proportion of the ordinary expenses of the county for the current year in which the county was created, but they could not be justly charged for permanent improvements made under a contract which was entered into after the new county was created. This decision is in accord with the reasoning in the decision of

*Pope* v. *Matthews,* 125 *Ga.* 341. In that case it was held, where a contract for a new court-house was entered into after the new county was created but before it was organized, that the property owners in the new county were not liable for this unusual expense, but were liable for all usual and ordinary current expenses for the year in which the county was created. This decision was based upon the theory that the new court-house was a new permanent improvement to the county which necessarily had not been and would not be of any benefit to the property owners of the new county, and therefore the entire expense must be borne by the property owners of the old county. The repairing of public buildings, bridges, and like structures, brought about by the use of the same in past years, would be an expense properly chargeable against the taxpayers of the county as it existed, and it would not be inequitable or unjust to require the property owners in the new county to bear their proportion of the expenses of this character that had to be borne during the year in which the new county was created.

3. It is contended that the execution issued against the railroad company is invalid, for the reason that the tax levy purports to levy a tax only upon the property in the county as it appears upon the tax digest of the county, and that therefore there is no basis upon which the comptroller-general can issue an execution. The county authorities are authorized to levy a tax upon all taxable property in the county, and, when levied, it may be collected in the manner prescribed by law. The law requires the ordinary to certify to the comptroller-general the amount of the tax levy of the county, and then the comptroller-general, using this as a basis, ascertains the amount of taxes due by the railroad company by applying the rate to the returns of the railway company in his office. County authorities have no power to exempt the property of a railroad company from taxation, and it will never be presumed that such was their intention. The rate of tax is fixed by the order of the county commissioners. That portion of the order which relates to the tax digest of the county will be construed to refer to the taxes which are to be collected by the tax-collector. The order of the county authorities was sufficient to authorize a certificate to the comptroller-general of the amount of the tax levy for the year, and, with that certificate before him, he had authority;

13

under the law, to ascertain the amount of taxes due by the railroad company, and, upon its failure to pay, to issue execution therefor. The decision in *Georgia Railroad Co.* v. *Hutchinson,* 125 *Ga.* 762, dealt with an act of the General Assembly authorizing the levy of a tax, and not with the order of the county authorities levying the tax under existing laws. In that case it was held, where an act limited the authority to levy a tax to property upon the digest of the county, that no tax could be collected upon property of a railway company. The general law of the State levies the tax for county purposes on railroad property, and the mere fact that the county authorities, in the order providing for the collection of taxes, apparently limited the tax to property upon the digest of the county does not prevent the rate therein fixed from being the basis for the comptroller-general to fix the amount due by the railroad company.

It is also contended that the levy was illegal, for the reason that it is stated to be a levy for $15.10 on the thousand in the aggregate, while the various items, added together, amount to $15.16. The law requires that the different percentages shall follow each item, and the aggregate, as indicated by the addition of these different percentages, would be the valid tax levy, and any other statement in the order conflicting therewith would be treated as simply surplusage. The difference between the amount stated in the preliminary part of the order and the aggregate of the percentages was evidently due to a clerical error; but even if not, the aggregate indicated by the true addition of the different percentages would be the lawful levy. It was not necessary that the first item of the levy should specify the amount to be used for each of the purposes therein indicated. The levy was in the language of the code. See *Gaines* v. *Dyer,* 128 *Ga.* 585. Counsel for the county authorities, in their bill of exceptions, complain that the effect of the order, so far as the new bridges are concerned, is to prevent the collection of the tax from the Southern Railway Company on that portion of its property which is located in Franklin county as that county now exists. We do not think that this is a proper construction of the order of the judge. The purpose of the petition was to restrain the county authorities of Franklin county from collecting what were alleged to be illegal taxes upon the property located in Stephens county, and the order is to be construed in the

light of the case as made by the pleadings. The county authorities are, under the order, required to eliminate from the levy, so far as the property owners in Stephens county are concerned, all amounts to be used in the erection of new bridges; and when this is eliminated from the executions, they can proceed for the balance. The property owners of Franklin county as it is now constituted, whether individuals or railway companies, are liable for the entire amount fixed in the levy. The original levy of September 9, 1905, being defective, and this court having held that proceedings thereunder were properly enjoined until it was made to conform to the law, the taxpayers should have been given a reasonable time, after the levy was amended, to pay the taxes before executions were issued. There is no complaint that a reasonable time has not been allowed for this purpose. The action of the county authorities is attacked as being invalid and not furnishing a basis for the collection of taxes at all. In the case as presented to the trial judge we see no error in any of his rulings.

*Judgment on each bill of exceptions affirmed. All the Justices concur.*