*Rosser & Brandon, J. L. Sweat,* and *Haygood & Cutts,* for defendant.

---

TIFT COUNTY v. BERRIEN COUNTY.

Under the act creating Tift County, and the general law, that county has no right of action to recover from Berrien County (from the territory of which it was in part formed) any portion of the funds in the latter's treasury raised, during the year in which Tift County was created, by the levy and collection of taxes assessed against the property or citizens of that portion of Berrien County which was transferred to Tift County.

Submitted April 7,—Decided August 12, 1908.

Equitable petition.   Before Judge Mitchell.   Berrien superior court.   September term, 1907.

Tift County filed a suit against Berrien County, seeking to recover $4,681, being the net amount of taxes collected by Berrien County, as taxes for the year 1905, from the taxpayers who were residents of that portion of the territory of Berrien which was, by the act of August 17, 1905 (Acts 1905, p. 60), cut off into the new County of Tift, which was by this act created.   The petitioner alleges that it is without public buildings of any kind, except a jail for which it owes, and since its organization has had to bear the burden incident to a county's existence; that Berrien County

has new public buildings built by direct taxation levied and paid by its citizens prior to the creation of Tift County, to which the citizens of Tift County contributed their proportionate share; that Berrien County was not in debt or bonded at the time Tift County was created, but had money in its treasury at the time the taxes specified were collected; and that these taxes were levied to pay subsequent expenses. By reason of these facts it is alleged that Tift County has not only been compelled by taxation to contribute to the running expenses of Berrien County for the latter part of the year 1905, and nearly all of the year 1906, but also for the same time to support itself, which is subversive of the law requiring that taxation should be uniform upon the same class of subjects and ad valorem on all property subject to taxation; and for this reason the money collected for taxes upon property and from citizens resident in Tift County during the year 1905 is money had and received by Berrien County for the use of Tift County. Demand and refusal are also alleged. The defendant filed a demurrer, which being sustained, Tift County excepted and brings error.

*Denmark & Griffin,* for plaintiff.

*Buie & Knight,* for defendant.

EVANS, P. J. The court did not err in dismissing the petition on general demurrer. As was said in *Butts County* v. *Jackson Banking Co.,* 129 *Ga.* 801 (60 S. E. 149), "The general fiscal policy outlined in the constitution of 1877 for political subdivisions, such as counties, . . was to provide a system of finance for subordinate public corporations, under which there could be made each year contracts for the expenses of the year, and these were to be paid out of moneys arising from taxes levied during the year." The only legitimate object of taxes for the year 1905 was therefore the expenses of that year. If the rate of taxation was exorbitant, or the taxes unnecessary to meet probable expenses, this might have furnished to these citizens a ground to enjoin their collection; but it certainly could not give to another county, created after the larger part of the expenses for which those taxes were presumptively levied and collected had been incurred, any right to such taxes. It was held in *Pope* v. *Matthews,* 125 *Ga.* 341 (54 S. E. 152), that while extra and unusual taxes, assessed after the passage of the act laying out a new county, could not be as-

sessed by the authorities of the old county against the citizens of the new, yet ordinary annual taxes for county purposes for the year in which they were created could be so assessed, even though they had not been actually levied before the act was approved. See also *Yow* v. *Sullivan*, 129 *Ga.* 187 (58 S. E. 662). The general act passed on August 21, 1905 (Acts 1905, p. 46), to provide for the organization, etc., of the new counties created at that session of the General Assembly, in paragraph 10, expressly provides that "all taxes due the State and county by persons residing in the new county, or upon property included within the limits of the new county, shall be payable to the tax-collector of the county from which said territory was taken, and the tax-collector of said original county is hereby authorized to issue execution for the collection of such taxes, and the same shall be enforced and collected by the officers of the county or counties from which the territory for said new county was taken." Provision is also made, in section 5 of this same act, for the levy of an extra tax for county purposes in the new county. Thus the law expressly provided that Berrien County should collect these taxes; and as there is nothing in the law which even remotely suggests that it was to collect them for the use of Tift County, under the maxim of inclusio unius exclusio alterius, the conclusion is irresistible that Berrien County was to collect them for its own use, just as all other taxes for that year were collected. And the provision in the general law that Tift County could collect an extra tax for county purposes is a clear recognition of the legislative intent that that should be the source of its revenues for the first year after its creation. It is no more plausible to contend that Tift County should be allowed to recover from the parent county a proportionate part of the funds, represented by the taxes against the property and citizens taken from the latter by the act creating the former, which were in the treasury of the latter unexpended, than to concede to Berrien County the right to recover from Tift County such a proportionate part of any deficiency which might have existed had the taxes collected for that year been insufficient to have met the current expenses of that year. Surely no one would seriously assert the latter proposition.

*Judgment affirmed. All the Justices concur.*