## ANTHONY et al. v. STANDARD, commissioner, et al.

FISH, C. J. 1. In a tax levy for county purposes for 1915, made by the commissioner of Wilkes County, dated September 15, the third item was as follows: "Contingent Expenses, .36%, $7022.74." In an action commenced in December to enjoin the collection of taxes under such levy, this item among others was attacked as invalid. On January 10, prior to the interlocutory hearing, an amendment was duly made to the tax levy, as follows: "Georgia, Wilkes County, January term, 1916, of the court of the Commissioner of Roads and Revenues, sitting

for county purposes. Whereas it is known to us that for years, under the system of keeping accounts of this office, for convenience a considerable part of the county funds were kept under the head of contingent funds, and it appearing that in 1915 in the spring there was a deficiency in the funds for the purpose of lifting the quarantine on cattle, and there were funds in the county treasury not needed at that time but which would be needed later, under the head of public buildings and bridges, $3000.00 was transferred temporarily from said last-named fund to said contingent fund, and used mainly in lifting the quarantine on cattle by eradicating the cattle-tick; and whereas it is known to us that $5000.00 was borrowed later in 1915, to be used to supply casual deficiencies, which fund was deposited to the account of contingent expense; and whereas it is necessary to reimburse said fund of public buildings and bridges the sum so transferred $3000.00, and repay the said loan $5000.00; and whereas it was for these purposes the levy for contingent expenses made on Sept. 15, 1915, was laid: Therefore it is ordered that the levy of taxes made on the 15th day of Sept., 1915, for the County of Wilkes be and the same is hereby amended as follows: By adding to the paragraph beginning 'To pay Contingent Expenses .36%,' between the word 'Expenses' and the word '.36%,' the following words, to wit: 'To replace to the account of public buildings and bridges the $3000.00 transferred from that fund to contingent expenses during the year 1915, and to repay the lawful loan $5000.00 borrowed to supply casual deficiencies during the year of 1915.' This 10th day of January, 1916. W. T. Standard, Comr. R. & R., Wilkes Co." When the amendment to the tax levy was offered in evidence by the defendants, it was objected to on the grounds: "1. That, the year 1915 having expired at the time such amendment of said tax levy was attempted to be made, the commissioner of roads and revenues had no authority of law to amend said tax levy by changing a levy of taxes illegally made to a levy for another and different purpose, as to these plaintiffs, and in that way undertake to make such illegal levy legal. 2. Because the transfer of the sum of $3000.00, levied for public buildings and bridges, to another and different purpose, and the expenditure of such fund for such other and different purpose, to wit, the payment of contingent expenses, and expenses of eradicating the cattle-tick, being illegal, said commissioner of roads and revenues could not legally levy a tax to repay such fund so illegally used. 3. Because, it not appearing from said amendment and order what nor how any casual deficiency existed, or that a casual deficiency of revenues did actually exist, the language of said order, 'and to repay the lawful loan $5000.00 borrowed to supply casual deficiencies during the year of 1915,' did not constitute a legal tax levy, nor was such a levy of taxes authorized under the laws of said State, nor did such amendment make such tax levy for 'contingent expenses' a legal levy of taxes." *Held*, that there was no error in admitting in evidence the amendment, which was more nearly like that allowed in *Sullivan* v. *Yow*, 125 *Ga.* 326, 328 (54 S. E. 173), than that dealt with and held not good in *Wright* v. *Southern Ry. Co.*, 137 *Ga.* 801 (74 S. E. 529). In the case at bar, as stated in the brief of counsel for defendant

in error, neither the amount of taxes nor the per cent. to be collected was altered. The amount to be paid by each taxpayer remained the same, and the amount going to each fund was unchanged. The amendment simply explained that "contingent expenses," a term unknown to county taxation, was intended to mean certain things, and that the levy, which was of uncertain meaning, was intended to raise money for certain definite and legal purposes.

> *Judgment affirmed. All the Justices concur.*
> NOVEMBER 18, 1916.

Petition for injunction. Before Judge Walker. Wilkes superior court. January 21, 1916.

*W. A. Slaton* and *Colley & Colley,* for plaintiffs.

*J. M. Pitner* and *Samuel H. Sibley,* for defendants.