## 13365. WRIGHT, comptroller-general, v. SOUTHERN RAILWAY COMPANY.

The commissioner of roads and revenues of Bleckley county made a general assessment for the year 1918 against the taxpayers of the county, specifying so much per thousand for the various purposes named. Under this levy the defendant in error paid all taxes assessed against it, except the amount levied " to defray the expense incurred in the maintenance, keeping, and equipment of the force of hands obtained from the State," which amount it refused to pay on the ground that this item of the assessment was illegal, since the assessment contained another item calling for the maximum amount assessable for road purposes. Subsequently, in the following year, and after all taxes (other than those represented by uncollected fi. fas. issued under the original levy) had been collected from all other taxpayers, the commissioner made what he called an amendment to the original levy, adding the alleged illegal item to a legal item of the assessment. Such a proceeding was

35

not a legitimate amendment of the original levy, but amounted to an attempted new levy against a single taxpayer; and the trial court did not err in sustaining the defendant's affidavit of illegality.

DECIDED MAY 9, 1922.

Affidavit of illegality of execution; from Bleckley superior court — E. D. Graham, judge pro hac vice. January 11, 1922.

William A. Wright, comptroller-general, issued an execution against the Southern Railway Company for a part of the tax levy of Bleckley county for the year 1918. The defendant filed an affidavit of illegality, which was returned to the superior court of Bleckley county for trial upon an agreed statement of facts, which showed, in substance, the following: The alternative road law as embodied in sections 694 to 704 (inclusive) of the Civil Code of 1910 was adopted by the county and was in effect there during the years 1918 and 1919. In September, 1918, the commissioner of roads and revenues levied a tax on all of the taxable property of Bleckley county, totaling $15 on each thousand dollars worth of taxable property. Item 2 of this levy called for 23 cents on each $1,000 of taxable property to build and repair bridges. Item 9 of the levy called for $4 on each $1,000 worth of taxable property, to provide for what is known as the public-road fund. Item 10 called for $3 on each $1,000 of taxable property, which was "to defray the expense incurred in the maintenance, keeping, and equipment of the force of hands obtained from the State." All taxpayers of Bleckley county paid all their taxes under the levy made in September 1918, except the Southern Railway Company, and it paid all taxes assessed against it under the levy except that contained in item 10, which was $3 per $1,000 levied for the support and maintenance of the State convicts. Subsequently, in September, 1919, the commissioner of roads and revenues passed an order reciting that the tax levy for 1918 was amended, and that all items thereof were relevied except items 2 and 10; item 2, to build and repair bridges, being increased from 23 cents per $1,000 to $3.23 per $1,000, and item 10, to defray the expense of the support and maintenance of State convicts, being omitted altogether from the relevy.

Among other things, the affidavit of illegality attacked the levy upon the following grounds: "That the said relevy, purporting to be an amended levy by the county of Bleckley, is void and of no effect, and is unconstitutional, for that such tax lacks uniformity,

and is therefore in violation of section 2, paragraph 1, article 7, of the constitution of the State of Georgia;" and that "the said order of September 2, 1919, levies a tax as follows: 'to build and repair bridges, three dollars and twenty-three cents on the one thousand dollars of taxable property,' being the amount of three dollars on the one thousand dollars of taxable property in addition to the amount levied in the original levy of three dollars on the one thousand dollars of taxable property, 'to build and repair bridges,' which said sum of three dollars on the one thousand dollars of taxable property, 'to build and repair bridges,' was levied long after the taxes for the year 1918 had been levied and collected from the mass of taxpayers in the county of Bleckley; and the said tax levy, 'to build and repair bridges,' to the extent of three dollars on the one thousand dollars of taxable property, has not been collected and is not sought to be collected from the mass of taxpayers, or against the mass of the taxable property in the county of Bleckley; but said tax, as levied by the order of September 2, 1919, is sought to be collected solely from the Southern Railway Company and from the property of the Southern Railway Company within the county of Bleckley, with the result that said Southern Railway Company and its property are taxed differently from the property of the taxpayers generally in said county for the year 1918; therefore the said tax lacks uniformity and is in violation of section 2, paragraph 1, article 7, of the constitution of the State of Georgia."

The court sustained the affidavit of illegality, and the plaintiff excepted.

*C. A. Weddington,* for plaintiff. *W. S. Mann,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.) While it is true that since the adoption of the amendment to section 2 of article 6 of the constitution of this State, ratified November 7, 1916, and proclaimed by the Governor on December 15, 1916, as a part of the constitution, the Court of Appeals has no jurisdiction of any case that involves a construction of the constitution of the State of Georgia, the Supreme Court has held that "the words, 'construction of the constitution,' etc., as here employed, contemplate construction where the meaning of some provision of the constitution is directly in question, and is doubtful by force of its own terms or under the decisions of the Supreme Court of the

United States or of the Supreme Court of Georgia; and the provision of the constitution in which they are employed is not to be construed as denying to the Court of Appeals jurisdiction of cases which involve mere application of unquestioned and unambiguous provisions of the constitution to a given state of facts." *Gulf Paving Co.* v. *City of Atlanta,* 149 *Ga.* 114, 117 (99 S. E. 374, 375.) In the instant case the constitutional question upon which the case turns involves merely an application of an unquestioned and unambiguous provision of the constitution to an agreed state of facts; and, therefore, this court has jurisdiction to entertain and decide the case.

We think the trial court properly sustained the affidavit of illegality. The tax execution was illegal, it being to enforce the collection of a tax from the defendant only, and being different in amount and purpose from the tax collected from all other taxpayers of Bleckley county. In other words, it is clearly a special tax against the defendant alone, and is not uniform with that collected from the other taxpayers of the county. Such a tax violates article 7, section 2, paragraph 1, of the constitution of Georgia (Civil. Code of 1910, § 6553), which provides that "All taxation shall be uniform upon the same class of subjects and ad valorem on all property subjects to be taxed within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

The $3 levy for the support and maintenance of the State convicts, as contained in the original levy of 1918, and which the defendant refused to pay, was clearly illegal. The county had prior to this levy adopted the alternative road law, which authorized a levy of $4 on each $1,000 of taxable property for all road purposes. This maximum rate of $4 for road purposes was *levied* in the original levy of 1918, and the county authorities had no power to provide in the same levy for an additional tax of $3 per $1,000 for the support and maintenance of the State convicts who were used in working the roads of the county. The Supreme Court, in the case of *Central of Georgia Ry. Co.* v. *Meriwether County,* 148 *Ga.* 423 (96 S. E. 884), pointedly held such an additional levy as made in the instant case illegal, it being there said: "It follows as a matter of course, that, 'after having levied the maximum rate of $4 per thousand for the maintenance of such system' provided

by the alternative road law, the county authorities have no power to ' levy an additional tax, under the provisions of the act . . of September 19th, 1908 (Acts 1908, p. 1119), for the support of the chain-gang to be used upon the public roads, bridges, or other public works of the county.'" It follows that the defendant railway company, at the time of making settlement and payment of its taxes, paid all taxes it legally owed the county under the levy for the year 1918.

After having collected from all other taxpayers all of the taxes for the certain purposes named in the tax levy for 1918, and after having collected from the defendant railway company all taxes that could legally'be collected from it under that levy, the commissioner, in the year 1919, attempted to amend his original levy. There was no need of any amendment to make the original levy specific, or to make it clear; and, the commissioner's so-called amendment was, in fact and effect, nothing more than a new levy against a single taxpayer,— the defendant in this case. The so-called amendment was an attempt to strike from the original levy an illegal levy for an illegal purpose and to add the illegal levy for an illegal purpose to an item of the levy for a legal purpose. It not only added to and increased the levy for a proper purpose, but it changed the purpose for which the illegal levy was made in an effort to make the raising of funds for an illegal purpose legal. And, in the language of the case of *Wright,* v. *Southern Railway Co.,* 137 *Ga.* 801 (74 S. E. 529), " this proceeding was not a legitimate amendment of the original levy, but amounted to an attempted new levy against a single taxpayer; and a fi. fa. based thereon, for the amount of the illegal taxes which the defendant in error had refused to pay, was unenforceable."

Counsel for the plaintiff in error rely on the case of *Yow v. Sullivan,* 129 *Ga.* 187 (58 S. E. 662), as authority for their contention that the last levy was merely an amendment of the original levy, and is therefore permissible. We cannot agree with this contention. That case is easily distinguished from the instant one, in that, among other things, the amendment in that case merely specified the percentages levied for each purpose in the original levy, which the county authorities had failed to specify in the first instance, whereas in the present case it was clear what amount each taxpayer was required, in the original

levy, to pay for each particular designated purpose, but there was an illegal assessment for road purposes, which the commissioner attempted to tack on to a levy for a legal purpose and to enforce against the defendant alone.

The court did not err in sustaining the affidavit of illegality.

*Judgment affirmed.* *Luke and Bloodworth, JJ., concur.*