16579. ALABAMA GREAT SOUTHERN RAILROAD Co. *v.* WRIGHT, comptroller-general.

BELL, J. 1. Where the generality of the taxpayers of a county have paid the taxes levied for a given year, and executions against those who have not paid have been levied, and where one of such alleged defaulting taxpayers, upon whose property a fi. fa. has been levied, interposes an affidavit of illegality, attacking the tax levy on the ground that it is excessive, it is not then lawful for the county authorities to amend the tax levy by reducing the levy as to one of the items and by adding the amount of such reduction to another and different purpose, notwithstanding the levy as thus amended may be brought within the limitations fixed by law. This case is controlled by the decisions in *Wright* v. *Southern Ry. Co.,* 137 *Ga.* 801 (74 S. E. 529), and *Wright* v. *Southern Ry. Co.,* 28 *Ga. App.* 545 (112 S. E. 171). See also *McMillan* v. *Tucker,* 154 *Ga.* 154 (5) (113 S. E. 391). The cases cited by the defendant in error (see *Yow* v. *Sullivan,* 129 *Ga.* 187, 58 S. E. 662; *Anthony* v. *Standard,* 146 *Ga.* 198, 91 S. E. 16; *McGregor* v. *Hogan,* 153 *Ga.* 473 (2), 484, 112 S. E. 471; *Garrison* v. *Perkins,* 137 *Ga.* 744 (4), 74 S. E. 541;

*Clements* v. *Powell*, 155 *Ga.* 378 (10), 116 S. E. 624; *Southwestern R. Co.* v. *Wright*, 156 *Ga.* 1 (4), 118 S. E. 552), do not apply to an amendment like the one here involved.

2. It might perhaps have been permissible to amend the levy by combining the two items "Ad valorem road tax, 15 cents on the $100.00," and "Special tax, general road purposes, 15 cents on the $100.00," and by showing, if such was true, that these items were levied for the purposes set forth in the Civil Code (1910), § 696, the county having adopted the alternative road law; but it was illegal to combine by amendment these two items and at the same time to levy an additional amount therewith, such amount being drawn from one of the items levied for "county purposes," under the Civil Code (1910), § 508. However, since the plaintiff in fi. fa. ultimately relied not upon the original levy, but upon the amended levy, and since the amendment actually made was illegal, no decision is made as to whether the original levy was subject to the attack made, or whether some other amendment might have been permissible. This court leaves open also the question as to whether the county authorities may hereafter rescind the illegal amendment and amend the levy in other respects.

3. The court erred in admitting in evidence the amendment to the tax levy, and in allowing the same to be set up as a reply to the affidavit of illegality.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 24, 1925.

Affidavit of illegality; from Dade superior court—Judge Tarver. May 7, 1925.

Application for certiorari was denied by the Supreme Court.

*McClure, Hale & McClure, Maddox, Maddox & Mitchell,* for plaintiff in error.

*B. T. Brock, J. M. Lang,* contra.