18938. SEABOARD AIR-LINE RAILWAY CO. *v.* LIBERTY
COUNTY *et al.*

DECIDED DECEMBER 14, 1928. REHEARING DENIED FEBRUARY 20, 1929.

*Conyers & Gowen,* for plaintiff in error.
*O. C. Darsey,* contra.

BELL, J. In 1926 the proper authorities of Liberty county made the usual tax levy, which included, among others, the following items: "9. For payment of interest installment due December 1, 1926, and June 1, 1927, on $40,000 issue of court-house bonds for Liberty county; 10. For payment of interest installment due by Liberty county on Coastal Highway bonds due November 1, 1926, and May 1, 1927." The railway company, by an affidavit of illegality interposed to a fi. fa. issued against it in behalf of the county, challenged the validity of these items, and, its contention having been overruled in the court below, it brought the case to this court. The judgment of the trial court is assigned as error

upon the following grounds: (1) It appearing that the interest installments due November 1, 1926, and December 1, 1926, were paid by the county at the time they became due respectively, a tax levy for the payment of these items could not be made in the year 1926, because a tax so levied would not be due and payable by the taxpayer until December 20th of that year, subsequently to the date of the maturity and payment of such items. (2) It appearing that, as required by the constitution, there was levied by the county prior to the issuance of the bonds referred to a tax to pay the interest as it became due, the tax levy to meet such installments due November 1, 1926, and December 1, 1926, "would be a tax levy for the year 1925, due December 20, 1925," and there was no authority of law to relevy the same for the year 1926. (3) Since the constitution of Georgia, as to such bonded indebtedness, required that a levy to meet the interest due November 1, 1926, and December 1, 1926, should be made for the year 1925, and since it does not appear that such a levy was not made for that year, the levy and collection of such a tax for the year 1926 was without authority of law and void.

As to the facts to be referred to in this opinion, the agreed statement upon which the case was tried in the court below is not clearer or more definite than the assignments of error in the bill of exceptions.

It is our opinion that the judgment complained of is not erroneous for any reason assigned. Passing over for the moment any question as to what is required by the constitution as to the levying of taxes for bond issues, it is true as a general proposition that taxes are levied to meet the needs of the county arising during the year in which the levy is made. *City Council of Dawson* v. *Dawson Waterworks Co.*, 106 *Ga.* 696, 711 (32 S. E. 907); *McMillan* v. *Tucker*, 154 *Ga.* 154 (113 S. E. 391); *Carroll* v. *Wright*, 131 *Ga.* 728 (5) (63 S. E. 260); Civil Code (1910), §§ 5, 509. The interest upon the bonds appears to have been a legal liability against the county, and the county could have been compelled to pay it. The fact that this indebtedness was paid by the county from other funds between the date of the tax levy and the date when the tax was due and payable by the taxpayer would afford no defense to the latter, where he has not borne his share of the burden necessary to its payment. He can not step into

the county's shoes and plead the county's act of payment as an extinguishment of his own liability to the county. Even assuming that the tax should have been levied during the year 1925, it does not appear that the levy as made in 1926 was a repetition, with the result that the taxpayer is called upon twice to contribute his pro rata of the amount necessary to retire the debt. In the absence of anything to show the contrary, public officers are presumed to have performed the duties placed upon them by law. Thus, if the tax was one that should have been levied in 1925 and if nothing else appeared, we would presume that it was so levied. But upon the same presumption as to the proper performance of official duty, it should be inferred that the tax was not levied in 1925, where it appears affirmatively that such tax was levied in 1926. The presumption would be against duplication, and in favor of the validity of the levy, upon the theory that it was merely delayed. *Yow* v. *Sullivan,* 129 *Ga.* 187, 192 (58 S. E. 662); *Wilson* v. *Gaston,* 141 *Ga.* 770 (82 S. E. 136).

What we have just said as to presumptions would seem to apply with equal force to the duty imposed by the constitution upon the county authorities to provide for the assessment and collection of an annual tax sufficient in amount to pay the principal and interest of a bonded indebtedness within the period therein prescribed. Civil Code (1910), § 6564. The general language of the second assignment of error can not be construed to mean that the county had previously made a specific levy for the purpose of raising funds with which to pay the indebtedness for interest on the bonds as it matured on November 1 and December 1, 1926. This assignment of error is construed merely as containing a statement that the county authorities, at or before issuing the bonds, did what was required by the constitutional provision referred to above, and not as showing that a definite and specific levy was made in any particular year under the terms of section 513 of the Civil Code.

The constitution requires only the adoption of a general order or resolution providing for the assessment and collection of an annual tax sufficient in amount to pay the principal and interest of the debt at maturity. In case of an issue of bonds covering a long period of years, it would obviously be impossible, at the time of issuing the same, to determine the exact rate of taxation which would be requisite in any year to pay the maturing principal or interest, since

this would depend upon the amount of property subject to taxation from time to time. Assessing the rate, that is "specifying the per cent. levied for each specific purpose," is, of necessity, a duty to be performed from year to year in connection with the regular annual tax levy (Civil Code, § 514) ; and is done under paragraph 1 of section 513, providing for the levy of taxes to pay the legal indebtedness of the county due, or to become due during the year, or past due. See, in this connection, *Wright* v. *Central of Georgia Ry. Co.,* 36 *Ga. App.* 382 (137 S. E. 93) ; *Central of Georgia Ry. Co.* v. *Wright,* 165 *Ga.* 1, 21 (139 S. E. 890) ; *Seaboard Air-Line Ry. Co.* v. *Wright,* 157 *Ga.* 722 (122 S. E. 35) ; Civil Code (1910), § 6562.

We conclude that the contested items of the tax levy were not illegal, either because the indebtedness which the county had in view when levying the tax may have been paid before the maturity of the tax as a claim against the taxpayer, or because the assessment was or appeared to be a duplication.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*