19163. BANG *v.* WILLIAMS, Commissioner.

ARGUED OCTOBER 11, 1955—DECIDED OCTOBER 13, 1955.

*Zachary & Hunter, W. E. Zachary, John C. Hunter,* for plaintiff in error.

*Pierre Howard, George P. Dillard, Thomas O. Davis,* contra.

ALMAND, Justice. William Bang, as a taxpayer, filed his petition against Wheat Williams, Commissioner of Roads and Revenues of DeKalb County, to enjoin a proposed amendment to an order levying county taxes for 1955. It was alleged: that the defendant on August 23, 1955, entered an order assessing and levying taxes for the year 1955, said levy being made upon the assessed valuation of the properties of the county as shown on the DeKalb County tax digest filed by the tax commissioner and approved by the Revenue Commissioner of the State of Georgia; that this digest was declared invalid by the Supreme Court of Georgia in the case of *Hutchins* v. *Howard,* ante, p. 830 (89 S. E. 2d 183) ; and that an amended digest is being prepared for county tax purposes, and the defendant has announced his intention to make a purported amendment to the aforesaid levy, so as to levy

taxes for the year 1955 at a rate increase of from $1.85 to $2.20 per $100 assessed valuation over the August levy, and is preparing to enter an order so providing. It was alleged that the defendant had no power or authority under the law so to change or attempt to amend the levy, and increasing the levy to a higher rate would be unlawful, null, and void. The defendant's general demurrer to the petition was sustained and the petition dismissed. Error is assigned on this judgment.

Code § 92-3802 provides that taxes shall be assessed by the ordinary, or other county authority empowered to levy taxes, who shall immediately advertise a copy of such order for 30 days, and furnish the tax collector with a copy of the order. There is no statutory provision as to what time during the year the order levying the tax must be made. Under Code § 92-3709, it is the duty of the levying authority to have prepared, by the time of the organization of the grand jury at the first or spring term, a statement of the financial condition of the county, and "the amount of tax required for county purposes for that year," for inspection by that body. Though the amount of tax revenue needed for the operating cost of the county for the year can be determined in the spring of the year, the rate of taxation necessary to raise such amount cannot be ascertained until the taxpayers have made their returns. In DeKalb County, the tax commissioner's books for the receipt of returns closes on April 1 (Code § 92-6201, as amended by Ga. L. 1945, p. 424). Within 10 days after April 1 it is the duty of the tax commissioner to present the tax returns to the county board of tax assessors (Code § 92-6902, as amended by Ga. L. 1945, p. 423). It is then the duty of the tax assessors to complete their revision and assessment of the returns of the taxpayers by June 1, and the tax commissioner is required to forward one complete digest to the State Revenue Commissioner for examination and approval (Code § 92-6917, as amended by Ga. L. 1945, p. 251).

It appears from the allegations of the petition that, after the board of tax assessors had completed their revision and assessment of tax returns for the year 1955, this assessment was held invalid in *Hutchins* v. *Howard*, supra. It is apparent that the first order of the Commissioner of Roads and Revenues, levying county taxes at $1.85 per $100 valuation of property, was based

upon the assessment digest which was held to be invalid. It being the duty of the commissioner to fix a rate for taxation that would produce sufficient funds to defray the county expenses for the year, he had authority to amend his first order, which was based upon the invalid assessment digest. The assessment digest made by the board of tax assessors was held invalid in *Hutchins* v. *Howard,* supra. It was stated by counsel for the plaintiff on oral argument that no taxes have been collected under the August order. The plaintiff acquired no rights under the first order, and has sustained no injury under the proposed amendment to that order, there being no showing that the proposed levy will result in an exhorbitant levy, or in increasing the tax revenues unreasonably or in excess of county expenses. There being no statutory prohibition to the contrary, we hold that the proposed amendment to the first order levying taxes for county purposes for the year 1955 was not subject to the objections urged in the petition, and that the trial court properly dismissed the same on general demurrer. See *Yow* v. *Sullivan,* 129 *Ga.* 187 (58 S. E. 662).

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., and Mobley, J., who dissent.*